[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR DISCHARGE OF MECHANIC'S LIEN
James R. Engelland and Lynn E. Engelland have applied under General Statutes 49-35a for the discharge of a mechanic's lien placed upon their residence by Cannondale Heating and Air Conditioning, Inc. They claim, among other things, the lien was not timely filed. Cannondale claims the lien was revived or extended when it last worked on the premises, which was within ninety days of its filing of the lien. Because the court concludes the lien was not revived or extended, the application to discharge the lien is granted.
Cannondale was retained by a general contractor, Northland Design Assoc., Inc., to install a heating and air conditioning system in the Engellands' house as part of a remodeling project. In February of 1992, Cannondale commenced work. After the principals of Cannondale realized in March of 1992 that Northland was not paying its bills, Cannondale ceased work. When Cannondale ceased work, it was owed $17,972.51 by Northland. Cannondale seeks to recover this amount from the Engellands. From March 31, 1992, to August 8, 1992, Cannondale did not perform any work on the Engellands' premises.
Mr. Mrs. Engelland paid the general contractor, Northland, for the heating and air conditioning work and for work performed by other sub-contractors. When the homeowners were served with a mechanic's lien from another sub-contractor, they called all the sub-contractors, including Cannondale. In June of 1992, Mr. Engelland told the president of Cannondale that the Engellands would not pay Cannondale for the work already performed and that Cannondale would have to look to Northland for payment. Mr. Engelland also told the president of Cannondale that the Engellands would consider paying for future work only after their receipt and approval of a written estimate. Cannondale never sent the Engellands a written estimate.
On August 8, 1992, Cannondale returned to the job upon giving Mrs. Engelland fifteen minutes notice. The Engellands, however, did not authorize or request this work. Cannondale mailed an invoice for the August work to the Engellands' attorney. The invoice is dated August 10, 1992. Cannondale served and filed a mechanic's lien on October 29, 1992.
The court concludes that Cannondale's workers returned to the premises in August as unwanted volunteers. Indeed, it appears their objective was to revive or extend a mechanic's CT Page 11518 lien which had lapsed because it had not been served and filed within ninety days after work ceased. See General Statutes49-34. Under these circumstances, Cannondale's work in August did not revive or extend the lien.
The Engellands' application to discharge the mechanic's lien filed by Cannondale heating and Air Conditioning, Inc. is granted.
THIM, JUDGE